IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS,                                    ) | |
| INTERNATIONAL UNION OF PAINTERS     ) | |
| AND ALLIED TRADES DISTRICT               ) | |
| COUNCIL #58, PAINTERS DISTRICT          ) | |
| COUNCIL #58 401(K) PLAN, FINISHING    ) | |
| TRADES INSTITUTE, LABOR                      ) | |
| MANAGEMENT COOPERATIVE                   ) | |
| INITIATIVE, SAFETY TRAINING AWARD   ) | |
| RECOGNITION, CENTRAL ILLINOIS DRUG) | |
| FUND, SOUTHERN ILLINOIS DRUG           ) | |
| FUND, PAINTERS DISTRICT COUNCIL #58 ) | |
| ADMINISTRATIVE DUES CHECK OFF,         ) | |
| ILLINOIS STATE PAINTERS HEALTH &      ) | |
| WELFARE FUND, PAINTERS & GLAZIERS  ) | |
| OF CENTRAL AND SOUTHERN ILLINOIS,   ) | |
|                                                                              ) | |
|                      Plaintiffs,                                     ) | |
|                                                                              ) | |
| v.                                                                           )    No.     12-285 JPG/DGW | |
|                                                                              ) | |
| CAPITAL RESTORATION & PAINTING CO. ) | |
|                                                                              ) | |
|                      Defendant.                                    ) | |

## COMPLAINT

NOW COME Plaintiffs, ILLINOIS STATE PAINTERS WELFARE FUND *et al*., by their

attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, CAPITAL

RESTORATION & PAINTING CO., and allege as follows:

## COUNT I
### Delinquent Contributions/ Audit Liability

1.      This is a civil action under the Employee Retirement Income Security Act of 1974,

as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor

Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141

*et seq.* ("LMRA").

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.   (*See* 29 U.S.C. §1132).

3.      Plaintiffs, International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, Illinois State Painters Health & Welfare Fund, Painters & Glaziers of Central and Southern Illinois ("Plaintiffs"), are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated, or labor organizations, labor-management committees, and/or funds established pursuant to a collective bargaining agreement between Painters District Council No. 58 International Union of Painters and Allied Trades, AFL-CIO, CLC and certain employer associations and independent employers whose employees are covered by the collective bargaining agreement.

4.      The International Union of Painters and Allied Trades District Council 58 is the collection agent for and authorized to act on behalf of the other named Plaintiffs (expect for the Illinois State Painters Health & Welfare Fund) to collect employer contributions and other amounts owed to these Plaintiffs.

5.      A copies of the pertinent provisions of the trust agreement for Plaintiff Painters District Council 58 401(k) Trust Fund is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

6.      A copies of the pertinent provisions of the trust agreement for Plaintiff Painters & Glaziers of Central and Southern Illinois Health & Welfare Fund is attached hereto as Exhibit "B"

and fully incorporated herein and made a part hereof by this reference.

7    Plaintiff trust funds receive contributions from numerous employers, and therefore, are multiemployer plans.   (*See* 29 U.S.C. §1002).

8.    Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered.   (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

9.    Plaintiffs' plans are administered by the International Union of Painters and Allied Trades District Council 58 at the address of 940 California Avenue, Collinsville, Illinois, 62234.

10.    Capital Restoration & Painting Co. ("Defendant") is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

11.    The business address for Defendant is 1310 Papin St., St. Louis Missouri 63103.

12.    Defendant employs individuals who are members of, and represented by, the Painters Local Union Nos. 120.

13.    Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiffs pursuant to a memorandum of agreement and collective bargaining agreement (collectively the "labor agreements") to which Defendant is a party or otherwise bound.

14.    A copy of the memorandum of understanding is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

15.    A copy of the collective bargaining agreement is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

16.    Defendant is bound by the terms of the collective bargaining agreement.

17.    The memorandum of understanding binds Defendant to the provisions of the trust agreements of the Plaintiffs.

18.     Pursuant to the labor agreements and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

19.     Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of Plaintiffs' trust agreements.   (*See* 29 U.S.C. §1145).

20.     Defendant employed individuals during the time period of January 1, 2008 through March 31, 2011, who have performed covered work under the collective bargaining agreement for which contributions are owed to Plaintiffs.

21.     The Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2008 through March 31, 2011.

22.     The payroll examination by the certified public accounting firm disclosed that Defendant underpaid the fringe benefit contributions and other amounts that were owed to the Plaintiffs during the period of January 1, 2008 through March 31, 2011.

23.     A copy of the examination findings by the certified public accounting firm is attached hereto as Exhibit "E", and fully incorporated herein and made a part hereof by this reference.

24.     Defendant owes Plaintiffs $3,320.99 in fringe benefit contributions and dues for hours of work performed by Defendant's employees during the period of January 1, 2008 through March 31, 2011.

25.     Defendant owes Plaintiffs liquidated damages of $332.09, which is equal to 10% of the total fringe benefit contributions and other amounts due to the Plaintiffs for hours of work

performed by Defendant's employees during the period of January 1, 2008 through March 31, 2011.

26.     Defendant owes Plaintiffs the costs Plaintiffs incurred for the audit of Defendant's payroll records for the time period of January 1, 2008 through March 31, 2011, which is equal to $621.41.

27.     Defendant breached the provisions of the labor agreements and trust agreements by underpaying the fringe benefit contributions that were owed to the Plaintiffs during the period of January 1, 2008 through March 31, 2011.

28.     Defendant owes Plaintiffs the total sum of $4,274.49 consisting of (1) fringe benefit contributions and other amounts due to the Plaintiffs for hours of work performed by Defendant's employees during the period of for the time period of January 1, 2008 through March 31, 2011; plus (2) liquidated damages in the amount of 10% of the fringe benefit and other amounts due to the Plaintiffs for hours of work performed by Defendant's employees during the period of for the time period of January 1, 2008 through March 31, 2011; plus (3) audit costs Plaintiffs incurred for the audit of Defendant's payroll records for the time period of January 1, 2008 through March 31, 2011.

29.     Plaintiffs have demanded that Defendant pay to Plaintiffs the contributions and all other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiffs the contributions and all other amounts owed.

30.     A copy of Plaintiffs' demand letters are attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

31.     Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the

collection of delinquent contributions.

32.    Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.   More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)    Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *                *                *
>
> (2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> (A)    the unpaid contributions,
>>
>> (B)    interest on the unpaid contributions,
>>
>> (C)    an amount equal to the greater of –
>>
>>> (i)    interest on the unpaid contributions, or
>>>
>>> (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E)    such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

Page **6** of 13

(*See*, §1132(g)(2) of ERISA).

33.    An Affidavit from Plaintiffs' legal counsel in support of Plaintiffs' request for reasonable attorneys' fees and costs incurred in the prosecution of this matter is attached hereto as Exhibit "G" and fully incorporated herein and made a part hereof by this reference.

WHEREFORE, Plaintiffs pray as follows:

A.    That judgment is entered in favor of Plaintiffs, International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, Illinois State Painters Health & Welfare Fund, Painters & Glaziers of Central and Southern Illinois, and against Defendant, CAPITAL RESTORATION & PAINTING CO., in the sum of $4,274.49;

B.    That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C.    That Defendant is required to perform and continue to perform all of Defendant's obligations to the Plaintiffs under the collective bargaining agreement and trust agreement; including without limitation, continuing to furnish to the Plaintiffs the required contribution reports with payment for contributions owed for subsequent months going forward, or when applicable, a report for any reporting period stating that Defendant had no employees for whom contributions are owed to Plaintiffs;

D.    That Defendant is decreed to pay all costs attendant to these proceedings;

E.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is

otherwise just and equitable.

## COUNT II
## Delinquent Contributions/ Audit Liability

1.       This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.       Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.   (*See* 29 U.S.C. §1132).

3.       Plaintiff, Illinois State Painters Welfare Fund ("Plaintiff"), is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated.

4.       A copy of the pertinent provisions of the trust agreement for Plaintiff is attached hereto as Exhibit "H" and fully incorporated herein and made a part hereof by this reference.

5.       Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan.   (*See* 29 U.S.C. §1002).

6.       Plaintiff's plan is administered at the address of is 333 Pierce Road, Itasca, Illinois 60143.

7.       Capital Restoration & Painting Co. ("Defendant") is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

8.       The business address for Defendant is 1310 Papin St., St. Louis Missouri 63103.

9.       Defendant employs individuals who are members of, and represented by, the Painters Local Union Nos. 120.

10.     Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff pursuant to a memorandum of agreement and collective bargaining agreement (collectively the "labor agreements") to which Defendant is a party or otherwise bound.

11.     A copy of the memorandum of understanding is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

12.     A copy of the collective bargaining agreement is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

13.     Defendant is bound by the terms of the collective bargaining agreement.

14.     The memorandum of understanding binds Defendant to the provisions of the trust agreement of the Plaintiff.

15.     Pursuant to the labor agreements and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiff.

16.     Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement.  (*See* 29 U.S.C. §1145).

17.     Defendant employed individuals during the time period of January 1, 2008 through March 31, 2011, who have performed covered work under the collective bargaining agreement for which contributions are owed to Plaintiff.

18.     The Plaintiff engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2008 through March 31, 2011, in order to determine whether Defendant is in compliance with its obligations to pay the fringe benefit contributions and other amounts required under the labor agreements and trust

agreements.

19.     The payroll examination by the certified public accounting firm disclosed that Defendant underpaid the fringe benefit contributions and other amounts that were owed to the Plaintiff during the period of January 1, 2008 through March 31, 2011.

20.     A copy of the examination findings by the certified public accounting firm is attached hereto as Exhibit "I", and fully incorporated herein and made a part hereof by this reference.

21.     Defendant owes Plaintiff $1,389.23 in fringe benefit contributions and dues for hours of work performed by Defendant's employees during the period of January 1, 2008 through March 31, 2011.

22.     Defendant owes Plaintiff liquidated damages of $277.84, which is equal to 20% of the total fringe benefit contributions and other amounts due to the Plaintiff for hours of work performed by Defendant's employees during the period of January 1, 2008 through March 31, 2011.

23.     Defendant owes Plaintiff the costs Plaintiff incurred for the audit of Defendant's payroll records for the time period of January 1, 2008 through March 31, 2011, which is equal to $310.40.

24.     Defendant breached the provisions of the labor agreements and trust agreements by underpaying the fringe benefit contributions that were owed to the Plaintiff during the period of January 1, 2008 through March 31, 2011.

25.     Defendant owes Plaintiff the total sum of $1,977.47 consisting of (1) fringe benefit contributions and other amounts due to the Plaintiff for hours of work performed by Defendant's employees during the period of for the time period of January 1, 2008 through March 31, 2011;

plus (2) liquidated damages in the amount of 20% of the fringe benefit and other amounts due to the Plaintiff for hours of work performed by Defendant's employees during the period of for the time period of January 1, 2008 through March 31, 2011; plus (3) audit costs Plaintiff incurred for the audit of Defendant's payroll records for the time period of January 1, 2008 through March 31, 2011.

26.     Plaintiff has demanded that Defendant pay to Plaintiff the contributions and all other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiff the contributions and all other amounts owed.

27.     A copy of Plaintiff's demand letters are attached hereto as Exhibit "J" and fully incorporated herein and made a part hereof by this reference.

28.     Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions.

29.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees.   More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *               *               *
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of –

(i)     interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

30.     An Affidavit from Plaintiff's legal counsel in support of Plaintiff's request for reasonable attorneys' fees and costs incurred in the prosecution of this matter is attached hereto as Exhibit "K" and fully incorporated herein and made a part hereof by this reference.

WHEREFORE, Plaintiff prays as follows:

A.     That judgment is entered in favor of Plaintiff, ILLINOIS STATE PAINTERS WELFARE FUND, and against Defendant, CAPITAL RESTORATION & PAINTING CO., in the sum of $1,977.47;

B.     That Defendant is decreed to pay to the Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C.     That Defendant is required to perform and continue to perform all of Defendant's

obligations to the Plaintiff under the collective bargaining agreement and trust agreement; including without limitation, continuing to furnish to the Plaintiff the required contribution reports with payment for contributions owed for subsequent months going forward, or when applicable, a report for any reporting period stating that Defendant had no employees for whom contributions are owed to Plaintiff;

D.    That Defendant is decreed to pay all costs attendant to these proceedings;

E.    That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

ILLINOIS STATE PAINTERS, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, PAINTERS DISTRICT COUNCIL #58 401(K) PLAN, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, CENTRAL ILLINOIS DRUG FUND, SOUTHERN ILLINOIS DRUG FUND, PAINTERS DISTRICT COUNCIL #58 ADMINISTRATIVE DUES CHECK OFF, ILLINOIS STATE PAINTERS HEALTH & WELFARE FUND, PAINTERS & GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS Plaintiffs,

By:    s/ John P. Leahy
       JOHN P. LEAHY
       CAVANAGH & O'HARA LLP
       Attorneys for Plaintiffs
       407 East Adams Street
       Springfield, IL 62701
       (217) 544-1771 – Telephone
       (217) 544-9894 – Facsimile
       johnleahy@cavanagh-ohara.com