IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ILLINOIS STATE PAINTERS, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, PAINTERS DISTRICT COUNCIL #58 401(K) PLAN, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, CENTRAL ILLINOIS DRUG FUND, SOUTHERN ILLINOIS DRUG FUND, PAINTERS DISTRICT COUNCIL #58 ADMINISTRATIVE DUES CHECK OFF, ILLINOIS STATE PAINTERS HEALTH & WELFARE FUND, PAINTERS & GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   12-285 JPG/DGW |
| CAPITAL RESTORATION & PAINTING CO. | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR DEFAULT JUDGMENT**

The Plaintiffs ILLINOIS STATE PAINTERS WELFARE FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, submit their Memorandum of Law in Support of Motion for Default Judgment against the Defendant CAPITAL RESTORATION & PAINTING CO.

I.   INTRODUCTION

This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"). Plaintiffs filed their Complaint in this matter on April 3, 2012 (d/e 1). On April 17, 2012, Defendant Capital

Page **1** of **12**

Restoration & Painting Co. ("Capital Restoration") was served with Summons and a copy of the Complaint (d/e 4). Capital Restoration was required to appear, plead or otherwise defend this action by May 8, 2012. Capital Restoration failed to appear, plead or otherwise defend this action within the statutory time limits. Entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55. Obtaining a default judgment involves a two step process. A party is first required to establish a default. After establishing a default, a party is then entitled to seek entry of a default judgment. *In re Catt*, 368 F.3d 789 (7th Cir. 2004). Capital Restoration was found to be in default by this Court on June 11, 2012 (d/e 6). Plaintiffs gave Capital Restoration notice of the entry of default pursuant to Local Rule 55.1(a) on June 11, 2012 (d/e 7). As a result, Plaintiffs are entitled to seek entry of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure; and now move for default judgment against Capital Restoration.

II. STATEMENT OF FACTS

Upon default, the well-pleaded factual allegations of the complaint relating to liability are deemed admitted. *In Re Uranium Antitrust Litigation*, 473 F.Supp. 382 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319 ( 7th Cir.1983). As a result, the following facts are established from the well-pleaded allegations contained in Plaintiffs Complaint, which are taken as true and deemed admitted as a result of Defendant's failure to answer Plaintiffs' Complaint. Unless otherwise noted, all of the facts set forth below are taken from Plaintiffs' Complaint and/or the Affidavit of Gregg Smith ("Smith Affidavit"), a copy of which is attached to Plaintiffs' Motion for Default Judgment as Exhibit "1".

Capital Restoration is signatory to a memorandum of understanding with the International Union of Painters and Allied Trades District Council #58. Pursuant to the

memorandum of understanding, Capital Restoration is bound by the provisions of a collective bargaining agreement titled Working Agreement between Painters District Council No. 58, International Union of Painters and Allied Trades, AFL-CIO, CLC and Central Illinois Builders of A.G.C., and Southern Illinois Builders Association, and Independent Painting and Allied Trades Contractors doing business in the jurisdiction of Painters District Council No. 58, (and other employer associations and independent employers that hereafter become signatory) (the "collective bargaining agreement").  Pursuant to the memorandum of understanding, Capital Restoration is bound by the provisions of the Plaintiffs' trust agreements.  (Smith Affidavit, paragraphs 10-12).

Capital Restoration is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.  Capital Restoration employs individuals who are members of, and/or represented by the International Union of Painters and Allied Trades, District Council No. 58, and who are participants in the employee benefit fund administered by the Funds.  Under the memorandum of understanding, the collective bargaining agreement, the trust agreements and ERISA, Capital Restoration & Painting Co. agreed and is obligated to report hours worked by its employees and make prompt payment of fringe benefit contributions to the Funds for each hour of work performed by its employees that is covered by the memorandum of understanding and collective bargaining agreement.  (Smith Affidavit, paragraphs 8, 9, and 13).

Capital Restoration was selected for an audit of its pay-roll records for the time period of January 1, 2008 through March 31, 2011.  The audit determined that Capital Restoration did not pay the Plaintiffs certain fringe benefit contributions owed for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011.  Capital Restoration did not pay the Illinois State Painters Welfare Fund contributions in the sum of

$1,389.23 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011.  Capital Restoration did not pay the International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois contributions in the sum of $3,320.99 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011.  (Smith Affidavit, paragraphs 14 – 20; *see also* payroll audits attached to Plaintiffs' Complaint as exhibits "E" and "I").

### III.     ARGUMENT

The Plaintiffs, Illinois State Painters Welfare Fund, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois, are employee benefit funds administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust and are required to be maintained in accordance with the provisions of the Labor Management Relations Act of 1947 and the Employment Retirement Income Security Act of 1974.  (*See* Smith Affidavit, paragraph 3).  These Plaintiffs provide retirement, health and other benefits to the employees of various employers who make contributions to these Plaintiffs pursuant to collective bargaining and other labor agreements between employers and local labor organizations, and in accordance with these Plaintiffs' trust agreements.  (Smith Affidavit, paragraph 5).  Employee benefit trust funds, like these Plaintiffs, stand in the position of a third party beneficiary to a collective bargaining agreement, with the

ability to enforce the agreement in their own right.  *Central States v. Gerber Truck Service, Inc.*, 870 F. 2d 1148 (7th Cir. 1989).

In this case, Capital Restoration's liability to Plaintiffs for fringe benefit contributions owed for covered work performed by its employees for the time period of January 1, 2008 through March 31, 2011 has been established by reason of Defendant's failure to deny or otherwise respond to the allegations contained in the Plaintiffs' Complaint, and the Court's entry of default.  Upon default, the well-pleaded factual allegations of the complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and the defendant has no further standing to contest, the plaintiff's right to recover.  *In Re Uranium Antitrust Litigation*, 473 F.Supp. 382 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319 (7th Cir.1983); *see also Brown v. Kenron Aluminum and Glass Corporation*, 477 F.2d 526 (8th Cir. 1973).  Plaintiffs are therefore entitled to recover from Capital Restoration fringe benefit contributions owed for covered work performed by its employees for the time period of January 1, 2008 through March 31, 2011.

The allegations relating to the amount of damages are not ordinarily taken as true upon default.  *Id*.  Rather, the Court has discretion to conduct an evidentiary hearing to ascertain the amount of damages by evidence.  *In re Catt*, 368 F.3d 789 (7th Cir. 2004).  However, an evidentiary is not necessary if the Court can determine the proper amount of damages based upon "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d 1319, 1323 ( 7th Cir.1983); *see also United States v. DeFrantz*, 708 F.2d 310 (7th Cir. 1983) (holding evidentiary hearing on damages after entry of default not necessary where motion for default judgment specified the amount of damages that plaintiffs were claiming).  In this case, the amount of damages owed to the Plaintiffs is specified in

Plaintiffs' Complaint and detailed in the payroll audits attached to the Complaint as exhibits "E" and "I", in Plaintiffs' Motion for Default Judgment, and in the affidavit of Gregg Smith. As a result, an evidentiary hearing on damages is not necessary as the Court can determine the proper amount of damages based upon the documentary evidence and affidavits on file.

Fringe Benefit Contributions

Capital Restoration did not pay the Plaintiffs certain fringe benefit contributions owed for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011. Capital Restoration breached the collective bargaining agreement, trust agreements, and applicable provisions of ERISA by failing to pay the Plaintiffs certain fringe benefit contributions owed for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011. Capital Restoration owes the Illinois State Painters Welfare Fund contributions in the sum of $1,389.23 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011, as determined by the audit of Capital Restoration payroll records. Capital Restoration owes the International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois contributions in the sum of $3,320.99 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011, as determined by the audit of Capital Restoration payroll records. (Smith Affidavit, paragraphs 14 – 20; *see also* payroll audits attached to Plaintiffs' Complaint as exhibits "E" and "I"). Plaintiffs are entitled to a judgment against Capital Restoration for the fringe benefit contributions determined to be owed by the

payroll audits for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011.

Liquidated Damages, Interest, Attorneys' Fees and Costs

Every employer obligated under a collective bargaining agreement to make fringe benefit contributions to employee benefit plans, like the Plaintiffs' plans, is required under Section 515 of ERISA to make those fringe benefit contributions in accordance with the terms of such agreement. 29 U.S.C. §1145. Failure to do so subjects an employer to the provisions of Section 502(g)(2) of ERISA. 29 U.S.C. §1132(g)(2). Section 502(g)(2) provides for the mandatory award to a plaintiff of certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, Section 502(g)(2) provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
>    \*   \*   \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>  (A) the unpaid contributions,
>
>  (B) interest on the unpaid contributions,
>
>  (C) an amount equal to the greater of –
>
>   (i) interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, 29 U.S.C. §1132(g)(2)).

In the present case, Capital Restoration is obligated under a collective bargaining agreement to make fringe benefit contributions to Plaintiffs and has failed to do so in accordance with the terms of the collective bargaining agreement and trust agreements. If judgment is entered in favor of Plaintiffs, then this Court must also award Plaintiffs liquidated damages, interest, audit costs, and attorneys' fees and costs. *See Central States, Southeast Areas Pension Fund v. Allied Systems, Ltd.*, 795 F.Supp.2d 740 (N.D. Ill. 2011). In addition to the relief available under ERISA, the Plaintiffs are entitled to liquidated damages, interest, audit costs, and attorneys' fees and costs under the Plaintiffs' trust agreements.

The trust agreement of the Illinois State Painters Welfare Fund provides for liquidated damages equal to 20% of the amount of delinquent contributions. (*See* Plaintiffs' Complaint, Exhibit "H", sec. 4.5, p. 20). The trust agreement for the Painters & Glaziers of Central and Southern Illinois provides for liquidated damages equal to 10% of the amount of delinquent contributions. (*See* Plaintiffs' Complaint, Exhibit "B", sec. 4.4, p. 15). The collective bargaining agreement provides for liquidated damages of 10% of the amount of delinquent contributions. (*See* Exhibit "2" attached to Smith Affidavit, sec. 29.1, p. 23). Capital Restoration owes the Illinois State Painters Welfare Fund liquidated damages in the sum of $277.84. (Smith Affidavit, paragraph 19). Capital Restoration owes International Union of

Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois liquidated damages in the sum of $332.09.  (Smith Affidavit, paragraph 20).

The trust agreements and collective bargaining agreement also provide that Plaintiffs are entitled to recover from Capital Restoration all costs of collection, including audit costs and reasonable attorneys' fees.  (*See* Plaintiffs' Complaint, Exhibit "B", secs. 4.4 and 4.5, pp. 15 and 16, and Exhibit "H", secs. 4.4 and 4.5, pp. 19 and 20; *see also* Exhibit "2" attached to Smith Affidavit, sec. 29.1, p. 23).  Capital Restoration owes the Plaintiff Illinois State Painters Welfare Fund audit costs of $310.40.  (Smith Affidavit, paragraph 16).  Capital Restoration owes Plaintiffs International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois audit costs of $621.41.  (Smith Affidavit, paragraph 17).  Capital Restoration owes the Plaintiff Illinois State Painters Welfare Fund reasonable attorneys' fees and costs incurred in this matter in the sum of $1,684.34.  (*See* Motion for Summary Judgment, Exhibit "2"; Smith Affidavit, paragraph 23).  Capital Restoration owes Plaintiffs International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters &

Glaziers of Central and Southern Illinois reasonable attorneys' fees and costs incurred in this matter in the sum of $3,368.68. (*See* Motion for Summary Judgment, Exhibit "2"; Smith Affidavit, paragraph 23).

## IV. CONCLUSION

For the reasons stated above, Plaintiffs are entitled to default judgment against the Defendant CAPITAL RESTORATION & PAINTING CO. Judgment by default should be entered in favor of Plaintiff, ILLINOIS STATE PAINTERS WELFARE FUND, and against Defendant CAPITAL RESTORATION & PAINTING CO. in the sum of $3,661.81 (consisting of contributions of $1,389.23 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011, plus liquidated damages of $277.84, plus audit costs of $310.40, plus reasonable attorneys' fees and costs of $1,684.34). Judgment by default should be entered in favor of Plaintiffs, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, PAINTERS DISTRICT COUNCIL #58 401(K) PLAN, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, CENTRAL ILLINOIS DRUG FUND, SOUTHERN ILLINOIS DRUG FUND, PAINTERS DISTRICT COUNCIL #58 ADMINISTRATIVE DUES CHECK OFF, and PAINTERS & GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS, and against Defendant CAPITAL RESTORATION & PAINTING CO. in the sum of $7,643.17 (consisting of contributions of $3,320.99 for covered work performed by its employees during the time period of January 1, 2008 through March 31, 2011, plus liquidated damages of $332.09, plus audit costs of $621.41, plus reasonable attorneys' fees and costs of $3,368.68).

ILLINOIS STATE PAINTERS,
INTERNATIONAL UNION OF

PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, PAINTERS DISTRICT COUNCIL #58 401(K) PLAN, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, CENTRAL ILLINOIS DRUG FUND, SOUTHERN ILLINOIS DRUG FUND, PAINTERS DISTRICT COUNCIL #58 ADMINISTRATIVE DUES CHECK OFF, ILLINOIS STATE PAINTERS HEALTH & WELFARE FUND, PAINTERS & GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS Plaintiffs,

By:   s/ John P. Leahy
      JOHN P. LEAHY
      CAVANAGH & O'HARA LLP
      Attorneys for Plaintiffs
      407 East Adams Street
      Springfield, IL 62701
      (217) 544-1771 – Telephone
      (217) 544-9894 – Facsimile
      johnleahy@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system and I hereby certify that on July 18, 2012, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Capital Restoration, Inc.
    Attn: Gary Sextro, President
    1310 Papin Street
    St. Louis, MO 63103

Respectfully submitted:

By:   s/ John P. Leahy
      JOHN P. LEAHY

        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        407 East Adams Street
        Springfield, IL 62701
        (217) 544-1771 – Telephone
        (217) 544-9894 – Facsimile
        johnleahy@cavanagh-ohara.com